Christopher R. Kinkade
Cali R. Spota
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469
Email: CKinkade@foxrothschild.com
          CSpota@foxrothschild.com

*Attorneys for Plaintiffs*
*NextGen Healthcare Information Systems, LLC*
*and QSI Management, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC and QSI MANAGEMENT, LLC, | : : : : | Civil Action No. |
| Plaintiffs, | : : | **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT** |
| v. | : : | **Jury Trial Demanded** |
| IQVIA, INC. f/k/a QUINTILES IMS INCORPORATED, | : : : | |
| Defendant. | : | |

Plaintiffs, NextGen Healthcare Information Systems, LLC ("NextGen Healthcare") and QSI Management, LLC ("QSI Management") (collectively, "Plaintiffs"), for their complaint against Defendant, IQVIA, Inc. f/k/a Quintiles IMS Incorporated ("IQVIA" or "Defendant"), allege and state as follows:

**THE PARTIES**

1.      Plaintiff NextGen Healthcare is a company organized and existing under the laws of the State of California, having a place of business at 795 Horsham Road, Horsham, Pennsylvania 19044.

2.      Plaintiff QSI Management is a company organized and existing under the laws of the State of California, having a place of business at 18111 Von Karman Ave., Ste. 600, Irvine, California 92612.

3.      Plaintiff NextGen Healthcare is a wholly owned company of Quality Systems, Inc.

4.      Upon information and belief, Defendant IQVIA is a corporation organized under the laws of the state Delaware and having corporate offices at 100 IMS Drive, Parsippany, New Jersey 07054.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over IQVIA because it has specific and continuous contacts in this District and the State of New Jersey.  Specifically, upon information and belief, IQVIA has corporate offices at 100 IMS Drive, Parsippany, NJ 07054. IQVIA has in the past conducted and presently conducts business in this District by promoting, advertising, and offering for sale its clinical research software platform.  IQVIA has purposefully and voluntarily showed its intention to use the software in connection with the management of clinical data derived from patient visits to clinical site locations in this District and in the State of New Jersey.

7.      Venue is proper in this jurisdiction district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is committing acts of trademark infringement in this District.

**FACTUAL BACKGROUND**

8.      Quality Systems Inc. ("QSI"), a company organized and existing under the laws of the State of California, is the parent company of both NextGen Heathcare and QSI Management.

9.      NextGen Healthcare is a full-service organization serving the needs of physician practices, hospitals, health centers, and other healthcare providers.  With an integrated line of software products, business services, and strategic consulting, NextGen Healthcare assists all types of healthcare entities in their day-to-day operations via the development and offering of computer-based practice management solutions, electronic health records (EHR) solutions, revenue cycle management applications and connectivity services for healthcare providers throughout the U.S.

10.     QSI develops and markets computer-based practice management and electronic health records (EHR) solutions as well as revenue cycle management applications and connectivity services for medical and dental group practices and hospitals throughout the U.S.

11.     Since at least as early as September 1994, NextGen Healthcare has been offering software products and related services to healthcare providers for use in connection with a variety of tasks required for the efficient management of medical practices.

12.     On August 24, 2004, NextGen Healthcare applied for federal trademark registration of the mark NEXTGEN covering goods described as "software used in the medical field to facilitate accounting, billing, managed care, electronic data interchange and maintain

electronic medical reports for patients." The mark was published for opposition on July 12, 2005 and became registered on May 9, 2006, as U.S. Registration No. 3,089,524. *See* **Exhibit A.** (registration certificate). NextGen Healthcare assigned the entire interest and goodwill of the NEXTGEN mark to QSI Management on April 1, 2012. *See* **Exhibit B** (recorded assignment).

13.     On August 24, 2011, QSI Management applied for federal trademark registration of the mark NEXTGEN (stylized) covering a wide variety of healthcare-related services, such as, medical billing and claims management services, online non-downloadable software for use in the administration and management of hospitals and dental and medical practices, medical and dental insurance consultation, electronic exchange of patient and medical data stored in databases via telecommunication networks, consulting services in the field of healthcare and the provision of a web-based system and online portal featuring online non-downloadable software and databases for healthcare providers to exchange and view medical and patient information and records. NextGen Healthcare and QSI have been using the NEXTGEN (stylized) mark in connection with the foregoing services since at least as early as June of 2010. The mark was published for opposition on July 10, 2012 and became registered on September 25, 2012, as U.S. Registration No. 4,212,719. *See* **Exhibit C.** (registration certificate).

14.     On April 3, 2015, QSI Management applied for federal registration of the mark NEXTGEN GO covering goods described as "[d]ownloadable mobile applications for use in connection with the collection, analysis, and sharing of personal medical data; Downloadable mobile applications for accessing and editing electronic health records; Downloadable mobile applications for use in medical claims processing and management." The mark was published for opposition on July 7, 2015 and became registered on August 16, 2016, as U.S. Registration No. 5,023,449. *See* **Exhibit D.** (registration certificate).

4

15.     On or about 18 January 2000, QSI's wholly owned subsidiary Clintec International, Inc. acquired the domain name nextgen.com.  Since early 2000 the web site hosted by the nextgen.com domain name has been featuring active content promoting and offering Plaintiffs' NEXTGEN-branded goods and services.

16.     Since commencing use of the NEXTGEN, NEXTGEN (stylized), and NEXTGEN GO marks (collectively, the "NEXTGEN Marks"), QSI and NextGen Healthcare have invested millions of dollars in advertising and marketing their NEXTGEN-branded goods and services to medical and healthcare practices, practitioners and facilities throughout the U.S.

17.     As a result of the extensive and substantial advertising and sales of NEXTGEN-branded products and services, and the maintenance of premium quality standards relating thereto, the NEXTGEN Marks have become well and favorably known to healthcare practitioners and facilities as the distinctive indication of origin for NextGen Healthcare and QSI's products and services.

18.     Upon information and belief, IQVIA has adopted the name "NextGen" as a name/trademark for a new clinical research software/platform to be used by pharmaceutical/biotech companies, clinical research organizations (and presumably clinical site location) in the collection, management, and administration of clinical trial data.

19.     Upon information and belief, IQVIA presented at an Analyst & Investor Conference on November 8, 2017, in New York City, New York and introduced its "NextGen" software/platform.  During its presentation, IQVIA advertised its "NextGen" software/platform's features and offered information and documentation about the software/platform.  The presentation shows that IQVIA intends its software to be used in connection with the management of clinical data derived from patient visits to clinical site locations.  A compilation

of excerpts from the foregoing presentation promoting IQVIA's "NextGen" software/platform as a trademark/brand of the IQVIA is attached hereto as **Exhibit E**.

20.     NextGen Healthcare currently provides its own NextGen-branded software for the management of a wide variety of electronic patient/medical data and information in these same types of locations (physicians' offices, group practices, hospitals, clinics, etc.). There is a clear overlap amongst the targeted locations, customers, and end-users of the respective NextGen-branded/named software tools.  Due to NextGen Healthcare and QSI's longtime use and registration of the NEXTGEN Marks, consumers would likely believe that Plaintiffs' services are being offered or that Plaintiffs are endorsing, sponsoring, or otherwise associated with IQVIA's software/platform.  Indeed, Plaintiffs have already received inquiries whether they are affiliated with Defendant.

21.     Upon learning of IQVIA's use of the NextGen name and promotion of such name/brand at the Analyst & Investor Conference, Plaintiffs, through counsel, contacted IQVIA on December 5, 2017, requesting that IQVIA discontinue using the confusingly similar NextGen name in connection with its software/platform to be used by pharmaceutical/biotech companies, clinical research organizations and presumably clinical site locations in the collection, management, and administration of clinical trial data.

22.     IQVIA responded on January 8, 2018, and refused to comply with Plaintiffs' request.[1]

---

[1] Counsel for IQVIA in its January 8, 2018, response letter to Plaintiffs states that "[t]he phrase 'next generation' is commonly used" to refer to "the next generation in a family" or "product that has been developed using the latest technology and will probably replace an existing product."  *See* Letter from C. Walden to M. Leonard dated January 8, 2018, attached hereto as **Exhibit F**.  Plaintiffs, however, do not object to IQVIA using the phrase "Next Generation," but rather only object to Defendant's use of the name "NEXTGEN" in connection with its healthcare related software/platform.

23.     Upon information an belief, IQVIA's software/platform is to be used by pharmaceutical/biotech companies, clinical research organizations and presumably clinical site locations in the collection, management, and administration of clinical trial data under the name/brand "NextGen," a name that fully incorporates Plaintiffs' registered NEXTGEN trademark, will serve to confuse consumers as to the source or sponsorship of IQVIA's product.

24.     In fact, actual confusion between the two NextGen-branded/named software tools has already occurred among consumers.  Since IQVIA's presentation on November 8, 2017, at the Analyst & Investor Conference, NextGen Healthcare has received questions and comments concerning the IQVIA product, including whether a relationship exists between the Parties.  Additionally, a competitor of IQVIA contacted QSI and questioned why QSI partnered with IQVIA, when in reality, no such partnership exists.

25.     Further, because some of QSI's customers are involved in clinical trials, there is a real danger that IQVIA's NextGen sites, used for patient recruitment for trials, will be confused with QSI's NextGen equipped sites, which will result in QSI's client's customers' patients believing that their medical records/data is now being used for clinical trials.  This leaves QSI vulnerable to a claim that it is misusing its customers' patients' data.

26.     Upon information and belief, consumers and end-users are likely to be confused by the similarity of IQVIA's use of NextGen name in connection with its software/platform used by pharmaceutical/biotech companies, clinical research organizations and presumably clinical site locations in the collection, management, and administration of clinical trial data.  Furthermore, consumers and end-users are likely to believe that IQVIA's NextGen software/platform is offered by, related to, endorsed by, and/or sponsored by Plaintiffs, due to

their longtime use of the NEXTGEN mark on or in connection with a variety of healthcare-related goods and services.

27.     By and through the aforementioned activities, IQVIA is engaged in the unlawful use of the NextGen name in commerce.

## COUNT I
## Federal Trademark Infringement

28.     Plaintiffs repeat and reallege the allegations in all preceding paragraphs of this Complaint.

29.     QSI Management is the owner of the federally registered NEXTGEN Marks and is the prior user of the NEXTGEN Marks in connection with a variety of healthcare-related products and services.

30.     The federally registered NEXTGEN Marks identify the source of Plaintiffs' healthcare-related goods and services.

31.     Defendant has used the NextGen name in interstate commerce in association with the offering of healthcare themed goods and services and is continuing to make use of the foregoing name.

32.     Defendant's unlawful acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

33.     Defendant's knowing and unauthorized use of NextGen, a name which is confusingly similar to the registered NEXTGEN Marks, is likely to cause confusion or to cause a mistake or to deceive the purchasing public and constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051 through 1137, specifically § 32(a) of the Lanham Act, 15 U.S.C. § 1114.

34.     As a direct consequence of Defendant's unlawful acts and conduct, Plaintiffs have suffered and will continue to suffer damage to their businesses, reputations and goodwill for which NextGen Healthcare and QSI Management are entitled to relief.

35.     Upon information and belief, Defendant's actions have been with full knowledge of Plaintiffs' rights and thus willful, entitling Plaintiffs to treble damages pursuant to 15 U.S.C. § 117.

36.     By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to NextGen Healthcare and QSI Management for which there is no adequate remedy at law, and for which NextGen Healthcare and QSI Management are entitled to injunctive relief.

**COUNT II**
**Federal Unfair Competition**

37.     Plaintiffs repeat and reallege the allegations in all preceding paragraphs of this Complaint.

38.     As a result of longstanding and extensive use and wide recognition among medical practitioners, administrators and other consumers of healthcare-related products and services, Plaintiffs' NEXTGEN Marks have become distinctive as an indication of the source of such branded healthcare-related products and services.

39.     Defendant has knowingly and willfully used the NextGen name in commerce, a name that is confusingly similar to Plaintiffs' registered NEXTGEN Marks, and appears likely to increase that use dramatically in the future.

40.     Defendant's use of the NextGen name in connection with healthcare-related goods and services is likely to cause confusion or to cause a mistake or to deceive as to

9

affiliation, connection, or association and constitutes false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     The aforesaid acts constitute federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     As a direct consequence of Defendant's unlawful acts and practices, NextGen Healthcare and QSI Management have suffered, will continue to suffer and/or are likely to suffer damage to their business reputation and goodwill, for which NextGen Healthcare and QSI Management are entitled to relief.

43.     Upon information and belief, Defendant's actions have been with full knowledge of Plaintiffs' rights and thus willful, entitling Plaintiffs to treble damages pursuant to 15 U.S.C. § 117.

44.     By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to NextGen Healthcare and QSI Management for which there is no adequate remedy at law and for which NextGen Healthcare and QSI Management are entitled to injunctive relief.

## COUNT III
## Common Law Unfair Competition

45.     Plaintiffs repeat and reallege the allegations in all preceding paragraphs of this Complaint.

46.     This cause of action arises under the Common Law of Unfair Competition over which this Court has jurisdiction by virtue of 28 U.S.C. § 1338 and § 1367 and by the principles of supplemental jurisdiction.

47.     Plaintiffs have common law rights in its NEXTGEN Marks, which are uniquely associated with Plaintiffs as to the source of the goods and services offered in connection with the NEXTGEN Marks.

48.     As set forth above, Defendant has made false and misleading representations to Plaintiffs' current and prospective customers.  Defendant's conduct constitutes unfair methods of competition and unfair and deceptive acts and practices in the conduct of its trade in violation of New Jersey common law of unfair competition.

49.     As a direct consequence of Defendant's unlawful acts and practices, NextGen Healthcare and QSI Management have suffered, will continue to suffer and/or are likely to suffer damage to their business reputation and goodwill, for which NextGen Healthcare and QSI Management are entitled to relief.

50.     By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to NextGen Healthcare and QSI Management for which there is no adequate remedy at law and for which NextGen Healthcare and QSI Management are entitled to injunctive relief.

**COUNT IV**
**<u>Statutory Unfair Competition in Violation of the</u>**
**<u>New Jersey Fair Trade Act – N.J.S.A. §§ 56:4-1, et seq.</u>**

51.     Plaintiffs repeat and reallege the allegations in all preceding paragraphs of this Complaint.

52.     QSI Management is the owner of the NEXTGEN Marks and is the prior user of the NEXTGEN Marks for use in connection with a variety of healthcare-related products and services.

11

53.     The NEXTGEN Marks identify the source of Plaintiffs' healthcare-related goods and services.

54.     Defendant has used the NextGen name in interstate commerce in association with the offering and rendering of healthcare-related services and is currently using the foregoing name.

55.     Defendant's conduct, as previously mentioned, constitutes unfair methods of competition and unfair and deceptive acts and practices in the conduct of its trade in violation of New Jersey statutory and common law.

56.     Defendant's unlawful acts, in violation of New Jersey statutes (including N.J.S.A. §§ 56:4-1, et seq.), misappropriated Plaintiffs' NEXTGEN Marks, brand, reputation, and goodwill for its own use in its NextGen software/platform.

57.     As a direct consequence of Defendant's unlawful acts and conduct, Plaintiffs have suffered and will continue to suffer damage to their businesses, reputations and goodwill for which NextGen Healthcare and QSI Management are entitled to relief.

58.     Upon information and belief, Defendant's actions have been with full knowledge of Plaintiffs' rights and thus willful, entitling Plaintiffs to treble damages pursuant to N.J.S.A. § 56:4-2.

59.     By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to NextGen Healthcare and QSI Management for which there is no adequate remedy at law, and for which NextGen Healthcare and QSI Management are entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court order the following relief:

A.      That Defendant, its officers, directors, shareholders, principals, agents, servants, employees, attorneys and related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from unlawfully using the NextGen name and any mark/name that is confusingly similar to the NEXTGEN Marks in connection with any and all healthcare-related goods and services, including the use of NextGen as the name of a healthcare related software/platform.

B.      That this Court award NextGen Healthcare and QSI Management damages adequate to compensate NextGen Healthcare and QSI Management for Defendant's acts of trademark infringement and unfair competition.

C.      That NextGen Healthcare and QSI Management be awarded its actual damages and lost profits in an amount to be proven at trial.

D.      That Defendant be required to account for any profits attributable to its infringing acts.

E.      That NextGen Healthcare and QSI Management be awarded the greater of three times Defendant's profits or three times any damages sustained by NextGen Healthcare and QSI Management and prejudgment interest.

F.      That all web sites, signs, and advertisements in Defendant's possession bearing the NextGen name or any confusingly similar word, term, name, symbol, device or combination thereof that is found in violation of the Lanham Act or any reproduction, counterfeit, copy or simulation thereof shall be delivered up by Defendant and destroyed.

13

       G.     That Defendant be required to pay Plaintiffs' costs of this action together with reasonable attorneys' fees and disbursements.

       H.     That NextGen Healthcare and QSI Management be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

Dated: February 13, 2018

s/ Christopher R. Kinkade
Christopher R. Kinkade
Cali R. Spota
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469
Email: CKinkade@foxrothschild.com
       CSpota@foxrothschild.com

*Attorneys for Plaintiffs*
*NextGen Healthcare Information Systems, LLC and*
*QSI Management, LLC*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned attorney for Plaintiffs NextGen

Healthcare Information Systems, LLC and QSI Management, LLC certify that, to the best of his

knowledge, the matter in controversy in this action is not the subject of any other action pending

in any court, or of any pending arbitration administrative proceeding.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

Dated: February 13, 2018

s/ Christopher R. Kinkade
Christopher R. Kinkade
Cali R. Spota
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469
Email: CKinkade@foxrothschild.com
        CSpota@foxrothschild.com

*Attorneys for Plaintiffs*
*NextGen Healthcare Information Systems, LLC and*
*QSI Management, LLC*